ROBERTSON, Justice:
Rudolph Shields, appellant, on June 13, 1966, was tried and convicted in the Mayor’s Court of the Town of Port Gibson, Mississippi, of assault and battery on Emerson Davis. He was sentenced to pay a fine of $300 and to serve sixty days in jail. Appellant appealed to the Circuit Court of Claiborne County, Mississippi. On January 10, 1967, appellant was tried de novo in the circuit court, convicted, and sentenced to pay a fine of $400 and to serve four months in the county jail.
Before the petit jury was empaneled in the circuit court, the appellant, a Negro, moved to quash the trial venire for the reason ‘that Negroes have been systematically excluded from the jury list and from the venire in Claiborne County.” The motion to quash was overruled. It was thereupon stipulated that the record in the case of Thomas Watts v. State of Mississippi made at the May 1966 Term of the Circuit Court of Claiborne County be incorporated in the record of this case for the purpose of showing the racial composition of the 1966 jury list and the composition of jury lists in Claiborne County in prior years. It was also stipulated that the jury drawn for the January 1967 Term of Court, during which Term the appellant was tried, was drawn from the same jury list as the jury in Watts, infra.
There were four assignments of error. The first error assigned was that “The Trial Court erred in denying appellant’s motion to quash the trial venire on the ground that Negroes were systematically excluded therefrom.” The determination of this question makes moot the other three assignments of error urged by appellant.
In Watts v. State, 196 So.2d 79 (Miss. March 6, 1967), this Court held that the record disclosed that Negroes had been systematically excluded from juries in Claiborne County. Because the motion to quash the venire in that case was overruled by the trial court, we reversed the judgment of the lower court and remanded that case for a new trial. Inasmuch as the trial jury in this case was drawn from the same jury list used in Watts, supra, the decision in that case is controlling here.
The judgment of the lower court is, therefore, reversed and this cause remanded for a new trial before a jury properly drawn and constituted.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, JONES and PATTERSON, JJ., concur.